WILLIAM M. COLLARD and CHARLES COLLARD, Respondents, v. MARY C. RELYEA, as Executrix, etc., of GEORGE RELYEA, Deceased, Appellant.— Judgment of the County Court of Orange county unanimously affirmed, with costs. No opinion. Present — Jenks, P. J., Mills, Rich, Putnam and Blackmar, JJ.

BERTHA ELIZABETH CROMWELL, Appellant, v. GEORGE C. BYNNER and Others, Defendants. RALPH K. JACOBS, Referee, Appellant; ARCHIBALD W. J. POHL and JAMES CARRANO, Purchasers, Respondents.— Order reversed, with ten dollars costs and disbursements, and motion granted, with ten dollars costs. We find no concession that at the date to which the closing of title was adjourned there were defects in the title, and there is no competent proof of the existence of defects. Should we assume the existence of defects asserted but not proved, they were of a nature that could be seasonably cured. The assignee submitted himself to the jurisdiction of the court by reason of his taking the assignment and his subsequent interference with the proceeding. Thomas, Stapleton, Mills, Putnam and Blackmar, JJ., concurred.

In the Matter of the Application of MICHAEL MONTARIO, Respondent, for a Writ of Mandamus against NEW YORK TELEPHONE COMPANY, Appellant.— Order reversed, with ten dollars costs and disbursements, and motion for peremptory writ of mandamus denied, with fifty dollars costs, upon the ground that we think that the opposing affidavits of the police officers showed that the betting over the telephone in the petitioner's premises was carried on by his employee in his very presence, and with his tacit permission, and, further, that he practically admitted as much in his statement to the police officer that, if the police did not take any action against him, he "would not permit his telephone to be used again for gambling purposes." Jenks, P. J., Thomas, Stapleton, Mills and Putnam, JJ., concurred.

EDWARD LANGRIDGE, Respondent, v. WILLIAM THURSTON, Appellant.— Judgment and order unanimously affirmed by default, with costs. Present — Jenks, P. J., Thomas, Stapleton, Rich and Blackmar, JJ.

MILTON EDWARD LANGRIDGE, an Infant, etc., Respondent, v. WILLIAM THURSTON, Appellant.— Judgment and order unanimously affirmed by default, with costs. Present — Jenks, P. J., Thomas, Stapleton, Rich and Blackmar, JJ.

THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v. MICHAEL DI MEO, Also Known as MICHELE DIMEO, Respondent.— Order reversed, with ten dollars costs and disbursements, and motion denied, with ten dollars costs. Although section 597 of the Code of Criminal Procedure conferred the discretionary power upon the court to remit the forfeiture of bail, or any part thereof, yet this is a judicial discretion and may be reviewed. (*Matter of Sayles*, 84 App. Div. 210.) An undertaking of bail is a serious contract, and imposes upon the surety the absolute obligation to produce his principal when called for trial. This application should not be granted save under exceptional circumstances. In the present case the surety failed in the discharge of his duty, which is shown by the very fact which